UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CINDY CODONI and MICHELLE GEER,<br><br>             Plaintiffs,<br><br>        v.<br><br><br>PORT OF SEATTLE, ALASKA AIR GROUP, and DELTA AIR LINES INC.,<br><br>             Defendants. | CASE NO. 2:23-cv-795-JNW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY ORDER DENYING MOTION TO DISMISS FOR INTERLOCUTORY APPEAL |

In an order dated November 25, 2024, the Court denied Defendants' motions to dismiss Plaintiffs' lawsuit at the pleadings stage, permitting Plaintiffs to proceed with their state tort law claims for injuries allegedly caused by pollution from aircraft flying to and from Sea-Tac Airport. Dkt. No. 73. Defendants now ask the Court to certify its order for interlocutory appeal. Dkt. No. 76.

District courts may certify an order for an immediate appeal when (1) the "order involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) granting an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three

ORDER - 1

prerequisites must be met for certification to be proper. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Plaintiffs concede that the first and third elements are satisfied. The Court agrees. The jurisdictional and preemption issues presented are controlling questions of law that could terminate the entire litigation if resolved in Defendants' favor.

As to the second element, there exists substantial grounds for disagreement about the operation of the collateral attack doctrine and preemption. Some courts have dismissed similar claims at the pleading stage, finding them "inescapably intertwined" with agency orders or preempted by federal law. *See McKay v. City & Cnty. of San Francisco,* Case Nos. 16-cv-03561 NC, 16-cv-03564 NC, 2016 WL 7425927 (N.D. Cal. Dec. 23, 2016) (state granting motion to dismiss for lack of subject matter jurisdiction); *Krauss v. Fed. Aviation Admin.,* No. 15-CV-05365-HRL, 2016 WL 1162028, at *1 (N.D. Cal. Mar. 24, 2016) (same). While this Court is confident in its analysis in reaching a different conclusion, reasonable jurists could disagree on whether factual development is necessary before resolving these threshold jurisdictional and preemption questions.

This case also implicates important issues about federal aviation regulation and the scope of state tort remedies affecting airline operations. Early appellate guidance would benefit both the parties and the Court by potentially avoiding extensive discovery, motion practice, and trial proceedings if the claims are ultimately found to be preempted or jurisdictionally barred.

Accordingly, Defendants motion to certify is GRANTED. The Court certifies its Order on Motions to Dismiss Second Amended Complaint, Dkt. No. 73, for

ORDER - 2

interlocutory appeal. Considering the status and magnitude of this case, the Court finds that a limited stay while the Ninth Circuit decides whether to hear Defendants' interlocutory appeal will "promote economy of time and effort for [the Court], for counsel, and for [the] litigants." *See Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008). Accordingly, this case is stayed pending a decision by the Ninth Circuit on whether to take the appeal. The parties must file a joint status report within 14 days of the Ninth Circuit's decision. If the Ninth Circuit declines to take the appeal, the parties should include a proposed litigation schedule in their status report.

IT IS SO ORDERED.

Dated this 18th day of February, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3